Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Defendant
Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Craig R. Brittain, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;<br><br>Brittain For US Senate, a Principal Campaign Committee (And on behalf of all similarly affected users of Twitter),<br><br>              Plaintiffs,<br><br>  v.<br><br>Twitter, Inc., a California corporation,<br><br>              Defendant. | Case No. 4:19-cv-00114-YGR<br><br>**TWITTER'S RESPONSE TO PLAINTIFF'S MOTION FOR ELECTRONIC CASE FILING AND MOTION TO TRANSFER CASE**<br><br>Hon. Yvonne Gonzalez Rogers |

Plaintiffs Craig R. Brittain and Brittain for U.S. Senate ("Plaintiffs") have moved (1) for electronic case filing and (2) to transfer this case back to the United States District Court for the District of Arizona, where it originated.[1]  Twitter does not oppose Plaintiffs' motion for electronic case filing.  Twitter does, however, oppose Plaintiffs' request to transfer this case back to the Arizona district court because the case was properly transferred, and Plaintiffs have not demonstrated that extraordinary circumstances require this Court to retransfer the case.

**A.     The Arizona District Court Properly Transferred This Case to This District.**

This case was properly transferred to this Court because the parties agreed to a forum selection clause that is valid, enforceable, mandatory, and covers the dispute at issue.

First, the Arizona district court correctly held that "[w]hen [Plaintiffs] registered for [their Twitter] account[s] online, [they] agreed to Twitter's Terms of Service ('Terms') by affirmatively assenting to the 'clickwrap agreement.'"  Dkt. 46 at 2.

Further, those Terms cover this dispute and are mandatory; they provide that "[a]ll disputes related to [Twitter's] Terms or . . . Services" and "[a]ll claims, legal proceedings or litigation in connection with [Twitter] Services will be brought solely in the federal or state courts located in San Francisco County, California," and that Plaintiffs "consent[] to the [personal] jurisdiction of and venue in such courts and waive[] any objection as to inconvenient forum."  *See* Dkt. 23, Declaration of Courtney Smith in Support of Defendant Twitter, Inc.'s Motion to Transfer Venue ("Smith Decl.") ¶¶ 5-6, Exs. C-D (quoting two iterations of Terms).

Lastly, the Court held that these "forum selection clauses . . . are presumptively valid and enforceable," and Plaintiffs failed to meet their "heavy burden of showing the extraordinary circumstances necessary to render the clauses unenforceable."  Dkt. 46 at 7.  Accordingly, transfer to this Court was proper.  *See* Dkt. 46 at 2-3 ("When the parties have entered a forum selection clause, '[t]he plaintiff's subsequent choice of forum merits no weight.'") (quoting *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018); *see also id*. at 2 ("[A] valid

---

[1] Although Plaintiffs have not cited the statutory basis for their motion, Defendant Twitter construes their request as a motion for a change of venue under 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .").

1  forum-selection clause should be given controlling weight in all but the most exceptional cases")
2  (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013)).

3  **B.    There Are No "Extraordinary Circumstances" Justifying Retransfer of This Case.**

4  Plaintiffs have not shown the "extraordinary circumstances" required for a transferee court
5  to retransfer a case back to the transferor court. *See Goor v. Vignoles*, No. C 12-01794 DMR, 2012
6  WL 5499841, at *2 (N.D. Cal. Nov. 13, 2012) (quoting *Christianson v. Colt Indus. Operating
7  Corp.*, 486 U.S. 800, 817 (1988)).  "Once a transferor court has transferred an action to a transferee
8  court, the transferee court should generally abide by the transferor court's transfer decision and
9  should not retransfer the case." *Id*. (citing *Christianson*, 486 U.S. at 816).  A transferee court may
10 only retransfer a case where it finds "the initial decision was clearly erroneous and would work a
11 manifest injustice," *id*. (quoting *Christianson*, 486 U.S. at 817), or after the transferee court comes
12 to "a considered decision that the case then is better tried in the original forum for reasons which
13 became known after the original transfer order," *id*. (quoting *In re Cragar Indus., Inc.*, 706 F.2d
14 503, 505 (5th Cir. 1983)).

15 Plaintiffs have not (1) shown that the Arizona district court committed clear error when it
16 found that Plaintiffs agreed to Twitter's Terms or held that the Terms unambiguously provide for
17 a forum in San Francisco County, (2) explained how litigating in this forum would work a manifest
18 injustice, or (3) presented any valid explanation as to why this case would be better tried in Arizona.

19 Instead, Plaintiffs argue that their "choice of law in this case is the law of the State of
20 Arizona" and that their contract with Twitter does not specify otherwise. *See* Dkt. 52.  This new
21 argument, which Plaintiffs could have previously raised, is contradicted by Twitter's Terms, which
22 unambiguously state that "the laws of the State of California" shall apply. *See* Smith Decl. ¶ 5, Ex.
23 C ("These Terms and any actions related thereto will be governed by the laws of the State of
24 California without regard to or application of its conflict of law provisions . . . ."); *id*. ¶ 6, Ex. D
25 ("The laws of the State of California, excluding its choice of law provisions, will govern these
26 Terms and any dispute that arises between you and Twitter.").

27 Next, Plaintiffs argue that they are a "contractor" and that the California Labor Code grants
28 them an "unwaivable" right to litigate in Arizona.  This argument, which Plaintiffs again could

have presented to the Arizona court, fails for multiple reasons.  First, Plaintiffs cannot claim protections of the California Labor Code because they are not California (or Twitter) employees and that statute has no bearing on the claims they seek to assert in this action.  *See Verdugo v. Alliantgroup, L.P.*, 187 Cal. Rptr. 3d 613, 619 (Ct. App. 2015) (noting that the California Labor Code confers certain statutory rights "on all California employees").

Second, the California Labor Code does not exempt individuals from forum selection clauses; rather, it makes unwaivable substantive statutory rights regarding "proper pay, meal and rest breaks, and wage statements." *Id*. at 149; *see also id.* at 147 ("A mandatory forum selection clause . . . is generally given effect unless enforcement would be unreasonable or unfair.").

Third and finally, unlike in *Verdugo*, which Plaintiffs rely on, litigating this case in California cannot possibly "diminish unwaivable rights." *Id*. at 148-49.  Indeed, Twitter's Terms already provide that California law applies, and Plaintiffs have not articulated any reason why litigating in California would prejudice them.

In short, because Plaintiffs have failed to show extraordinary and "limited circumstances where retransfer is appropriate," this Court should follow the general rule and "abide by the transferor court's transfer decision and should not retransfer the case." *Goor*, 2012 WL 5499841, at *2; *see also In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) ("[T]he transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.'" (citation omitted)).

Twitter therefore respectfully asks this Court to deny Plaintiff's motion to retransfer.

DATED: February 19, 2019　　　　　　　　**PERKINS COIE LLP**

By: */s/ Julie E. Schwartz*
　　Julie E. Schwartz, Bar No. 260624
　　JSchwartz@perkinscoie.com

Attorney for Defendant
Twitter, Inc.

# PROOF OF SERVICE

I hereby certify that on February 19, 2019, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing.

I further certify that service was made by United States Postal Service to the following non CM/ECF participants:

>Craig R. Brittain
>8625 E. Sharon Dr.
>Scottsdale, AZ  85260
>602-502-5612
>Email:  craigrbrittain@gmail.com
>PRO SE

>Brittain For US Senate
>c/o Craig R. Brittain
>8625 E. Sharon Dr.
>Scottsdale, AZ  85260
>602-502-5612
>Email:  craigrbrittain@gmail.com
>PRO SE

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 19, 2019, at Palo Alto, California.

*/s/ Marla J. Heap*
Marla J. Heap