Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorney for Defendant
Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Craig R. Brittain, an individual and US Senate candidate in Arizona in the 2018 Federal Elections;<br><br>Brittain For US Senate, a Principal Campaign Committee (And on behalf of all similarly affected users of Twitter),<br><br>Plaintiffs,<br><br>v.<br><br>Twitter, Inc., a California corporation,<br><br>Defendant. | Case No. 4:19-cv-00114-YGR<br><br>**[PROPOSED] ORDER**<br><br>Hon. Yvonne Gonzalez Rogers |

1  The Court, having considered Defendant Twitter, Inc.'s ("Twitter") Motion to Dismiss Plaintiffs' First Amended Complaint, as well as all relevant documents, authorities, evidence, and oral arguments, hereby ORDERS that Twitter's Motion to Dismiss is GRANTED and Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE.

Plaintiffs filed this action against Twitter after their Twitter accounts were terminated, bringing claims for (1) violation of the First Amendment, (2) violation of Federal Election rules, 47 U.S.C. § 315, (3) breach of contract, (4) conversion, (5) violation of antitrust laws, 15 U.S.C. § 2, (6) negligent infliction of emotional distress, (7) tortious interference, and (8) promissory estoppel.  *See* Dkt. No. 13 ("FAC") ¶¶ 1, 4, 11, 14, 30-31.  Plaintiffs ask this Court to order Twitter to reinstate their Twitter accounts and refrain from re-suspending them in the future.

The Communications Decency Act ("CDA"), 47 U.S.C. § 230 *et seq.*, immunizes Twitter from liability for removing content and from terminating Plaintiffs' access to its services.  A defendant is entitled to immunity under the CDA if (1) the defendant provides an "interactive computer service," (2) the plaintiff's claim treats the defendant as the "publisher" or "speaker" of the offending content, and (3) the content was "provided by another information content provider."  *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009).  This immunity is applied broadly "to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles."  *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) (en banc).

Twitter is entitled to immunity here because (1) Twitter provides an interactive computer service, *see Fields v. Twitter, Inc.*, 217 F. Supp. 3d 1116, 1121 (N.D. Cal. 2016); (2) Plaintiffs seek to hold Twitter liable for its exercise of its "traditional editorial functions—[i.e., for] deciding whether to publish, withdraw, postpone or alter content," *Roommates.Com*, 521 F.3d at 1162; and (3) Plaintiffs are the information content providers for the Twitter accounts at issue in this action. Accordingly, Plaintiffs' claims, which are all based on Twitter's termination of their Twitter accounts, are barred by the CDA.

Separately, Plaintiffs' claims are barred by the First Amendment because Twitter has a constitutionally-protected right to decide which speech to allow on its platform.  *See, e.g.*,

1  *La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 991 (S.D. Tex. 2017) (collecting cases and holding that Facebook has a "First Amendment right to decide what to publish and what not to publish on its platform").  Twitter therefore cannot face liability for its decisions about what speech to allow (or not) on its service and platform or for terminating Plaintiffs' Twitter accounts.

Plaintiffs are denied leave to amend because Plaintiffs have already had one prior opportunity to amend their complaint, *see* Dkt. 12, and because permitting leave to amend a second time would be an exercise in futility since Plaintiffs cannot amend their claims in a way to avoid the categorical bars of the CDA or the First Amendment.  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Accordingly, Twitter's Motion to Dismiss is GRANTED and Plaintiffs' First Amended Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: _____

_____
HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I hereby certify that on March 6, 2019, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing.

I further certify that service was made by United States Postal Service to the following non CM/ECF participants:

> Craig R. Brittain
> 8625 E. Sharon Dr.
> Scottsdale, AZ  85260
> 602-502-5612
> Email:  craigrbrittain@gmail.com
> PRO SE

> Brittain For US Senate
> c/o Craig R. Brittain
> 8625 E. Sharon Dr.
> Scottsdale, AZ  85260
> 602-502-5612
> Email:  craigrbrittain@gmail.com
> PRO SE

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 6, 2019, at Palo Alto, California.

*/s/ Ruth St. Amant*
Ruth St. Amant