1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRAIG R. BRITTAIN, AN INDIVIDUAL AND U.S. SENATE CANDIDATE IN ARIZONA; AND BRITTAIN FOR U.S. SENATE, A CAMPAIGN COMMITTEE,**<br><br>    Plaintiffs**,**<br><br>   vs.<br><br>**TWITTER, INC., A CALIFORNIA CORPORATION,**<br><br>    Defendant**.** | CASE NO.  19-cv-00114-YGR<br><br>ORDER RE:<br> (1) **GRANTING PLAINTIFFS' MOTION FOR ELECTRONIC CASE FILING**<br> (2) **DENYING PLAINTIFFS' MOTION TO TRANSFER CASE**<br> (3) **SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 52 |

Plaintiffs Craig R. Brittain, an individual and U.S. Senate Candidate in Arizona and Brittain for U.S. Senate, a Campaign Committee (collectively, "Brittain") bring this action against defendant Twitter, Inc. ("Twitter").  Brittain asserts eight causes of action against Twitter for: (1) violation of the First Amendment; (2) violation of federal election law; (3) breach of contract; (4) conversion, (5)violation of the antitrust; (6) negligent infliction of emotional distress; (7) tortious interference; and (8) promissory estoppel.  (Dkt. No. 13.)

Now before the Court is Brittain's motion for permission for electronic case filing and to transfer this action back to the District of Arizona.  (Dkt. No. 52 ("Motion").)  Twitter opposes only the motion to transfer.[1]  (*See* Dkt. No. 56 ("Opp.").)  Having carefully reviewed the papers submitted, and for the reasons set forth more fully below, the Court **GRANTS** plaintiff permission for electronic case filing, and **DENIES** plaintiff's motion to transfer.

---

[1] Finding that good cause exists, the Court **GRANTS** Brittain's unopposed motion for permission for electronic case filing.

United States District Court
Northern District of California

1   **I.    BACKGROUND**

2        On June 5, 2018, Brittain filed his initial complaint in the District of Arizona, in which he

3   resides.  (Dkt. No. 1. ¶ 36.)  Defendant subsequently moved to transfer the case to the Northern

4   District of California pursuant to the forum selection clause found in Twitter's Terms of Service

5   ("Terms").  (Dkt. No. 22.)  In pertinent part, the Terms provide as follows:

6        These Terms and any action related thereto will be governed by the laws of the
         State of California without regard to or application of its conflict of law provisions

7        or your state or country of residence.  All claims, legal proceedings or litigation
         arising in connection with the Services will be brought solely in the federal or state

8        courts located in San Francisco County, California, United States, and you consent
         to the jurisdiction of and venue in such courts and waive any objection as to

9        inconvenient forum.

10   (Dkt. No. 23, Ex. C ("Terms") at 11.)  On January 4, 2019, the Arizona district court granted

11   Twitter's motion and transferred the action to the Northern District of California ("Transfer

12   Order").  (Dkt. No. 46 ("Transfer Order") at 2.)  In so granting, the Arizona court noted that

13   Brittain had agreed to Twitter's Terms "by affirmatively assenting to [Twitter's] 'clickwrap'

14   agreement" and found that he had failed to meet his "heavy burden of showing the extraordinary

15   circumstances necessary to render the clauses unenforceable."  (*Id.* at 2, 7.)

16        On February 4, 2019, Brittain moved for permission for electronic case filing and to

17   transfer this action back to the District of Arizona.  (Motion.)  On February 19, 2019, Twitter

18   responded, opposing only the motion to transfer.  (*See* Opp.)

19   **II.   LEGAL STANDARD**

20        Once a court grants a Section 1404(a) motion and transfers an action, "the transferee court

21   should generally abide by the transferor court's transfer decision and should not retransfer the

22   case." *Goor v. Vignoles*, No. C. 12-01794 DMR, 2012 WL 5499841, at *2 (N.D. Cal. Nov. 13,

23   2012) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (finding that

24   courts "should be loathe" to reconsider a coordinate court's decision "in the absence of

25   extraordinary circumstances such as whether the initial decision was clearly erroneous and would

2

1    work a manifest injustice") (internal quotation marks omitted)).  However, the fact that an action

2    has been transferred once does not preclude the transferee court from entertaining a subsequent

3    motion to transfer.

4         "A motion to transfer is perfectly appropriate . . . on a showing of changed circumstances,

5    particularly when they frustrate the purpose of the change of venue."  Federal Practice and

6    Procedure § 3846; *Ametek, Inc. v. Hewlett–Packard Co.*, No. C–90–20278–DLJ, 1990 WL

7    10072473, at *1 (N.D. Cal. July 10, 1990) (transferee court is not powerless to act where the

8    original purposes of the transfer have been frustrated by an unforeseeable later event).  "The

9    transferee district should not retransfer 'except under the most impelling and unusual circumstance

10   or [unless] the transfer order is manifestly erroneous.'"  *Ametek*, 1990 WL 10072473, at *1

11   (quoting *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir. 1961)); *see also Christianson*,

12   486 U.S. at 816 (finding that "transferee courts that feel entirely free to revisit transfer decisions of

13   a coordinate court threaten to send litigants into a vicious circle of litigation.").

14   **III.    DISCUSSION**

15        Brittain fails to identify any change in circumstances since the Arizona court's Transfer

16   Order, let alone one of such an "impelling and unusual" nature so as to justify *re*transfer.  *See*

17   Motion at 2; *see also Ametek*, 1990 WL 10072473, at *1 (quoting *Koenig*, 290 F.2d at 173 n.11).

18   Nor does Brittain aver that the Arizona district court so erred in enforcing Twitter's forum

19   selection clause that the transfer order "is manifestly erroneous."  *Id.* Accordingly, Brittain fails to

20   establish that *re*transfer is appropriate in this case.  *See Atl. Marine*, 571 U.S. at 63 (finding that

21   the party resisting a forum selection clause "bears the burden of establishing that transfer to the

22   forum for which the parties bargained is unwarranted").

23        However, out of an abundance of caution, and in light of Brittain's *pro se* status, the Court

24   reviews the Transfer Order to determine whether it "is manifestly erroneous."  *Ametek*, 1990 WL

25   10072473, at *1.  The Arizona district court properly employed the Ninth Circuit's three-prong

3

test to determine whether Twitter's forum selection clause controls the parties' dispute.  (Transfer Order at 3 (citing *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018)).)  The test provides that a forum selection clause controls a party's dispute unless the plaintiff makes a "strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, . . . or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court.'" *Yei A. Sun*, 901 F.3d at 1088 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

First, the Arizona court correctly found that Twitter's Terms, to which Brittain assented when he registered for an account, are valid and enforceable.  (Transfer Order at 4-5 (finding that Brittain failed to show "that the Terms are unconscionable or illusory.").)  Second, the court analyzed Brittain's argument that enforcing the forum selection clause would contravene Arizona's public policy and found that "Arizona public policy *favors* enforcing forum selection clauses."  (*Id.* at 6-7 (emphasis in original).)  Third, given the current procedural posture of the case and the Court's ability to provide accommodations for pretrial matters so as not to require a personal appearance, it is not clear that the Arizona court's finding that the "fact that Brittain is a self-represented, indigent litigant is no basis for not enforcing the forum selection clauses" was manifestly erroneous.  (*Id.* at 5 (citing *Yei A. Sun*, 901 F.3d at 1087).)  However, those accommodations are not necessarily available for trial.  Therefore, the Court reserves on whether a procedural change would render the transfer to the Northern District of California a manifest injustice.  The same may also apply in the discovery context.

Nevertheless, because Brittain fails to allege any change in circumstances following the Arizona court's Transfer Order so as to justify retransfer, and because the Arizona court's decision to so transfer was not manifestly erroneous in light of the action's current procedural posture, the

United States District Court
Northern District of California

4

1    Court will not transfer this action back to the District of Arizona.[2]

2    **IV.    CONCLUSION**

3         For the foregoing reasons, the Court **DENIES** Brittain's motion to transfer venue and

4    **GRANTS** Brittain's motion for permission for electronic case filing.  Moreover, the Court

5    **CONTINUES** the briefing deadlines for defendant's pending motion to dismiss as follows: Brittain's

6    opposition is now due **March 25, 2019** and Twitter's reply is now due **April 1, 2019**.

7    Additionally, once fully briefed, the Court will deem the motion submitted without requiring a

8    personal appearance.  If the Court determines that argument is necessary, it will contact to the

9    parties to schedule a hearing via telephone.  Accordingly, the Court **VACATES** the hearing

10   currently scheduled for April 16, 2019.

11        Brittain is directed to follow the instructions on the Court's website regarding pro se

12   litigants' registration for ECF and PACER.  (*See* http://cand.uscourts.gov/ECF/proseregistration.)

13   After registering on ECF and PACER, Brittain must file a notice of ECF registration that plaintiff

14

15   _____

16        [2] Brittain's reliance on *Verdugo v. Alliantgroup, L.P.* is misplaced.  (*See* Motion at 2
     (citing 237 Cal. App. 4th 141 (Cal. Ct. App. 2015)).)  In *Verdugo*, the California court of appeal

17   deemed unenforceable forum selection and choice-of-law clauses that conflict with California's
     public policy on employee compensation.  237 Cal. App. 4th at 144.  There, an employee brought
     wage and hour claims based on California Labor Code unwaivable statutory rights.  *Id.* at 150.

18   The employee's contract included a forum selection clause requiring her to litigate in Texas and a
     choice-of-law clause that applied Texas law.  *Id.* at 145.  The court held that the employee's

19   contract was unenforceable because it had "the potential to contravene an antiwaiver statute
     designed to protect California residents from business practices that do not meet Labor Code

20   standards."  *Id.* at 151.  First, *Verdugo* did not hold, as plaintiff seems to suggest, that California
     employees are guaranteed their choice of applicable substantive law or a forum to sue of their

21   choice.  *See id.* at 147 (finding that "[a] mandatory forum selection clause . . . is generally given
     effect unless enforcement would be unreasonable or unfair.").  Second, California's Labor Code

22   does not extend to Brittain because he is neither a California resident nor a Twitter employee.  *See
     Ehret v. Uber Techs., Inc.*, 68 F.Supp.3d 1121, 1129–30 (N.D. Cal. 2014) (finding that

23   "California's Supreme Court has made clear that there is a strong presumption against the extra-
     territorial application of California law") (citing *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191

24   (2011)).  Third, Brittain fails to allege that litigating his claims against Twitter in California may
     cause him to forego any unwaivable statutory rights available to him in Arizona.  (*See id.*)

25

United States District Court
Northern District of California

has made available an electronic mail address for service of papers electronically filed on the docket.  Upon filing of such notice, the Court will designate this action for the ECF program.

Brittain must comply with the Federal Rules of Civil Procedure and all general orders and local rules pertaining to electronic filing including General Order 45 which requires in part that parties must provide the judge's chambers with a paper copy of each document that is filed electronically, marked "Chambers Copy."  By registering, Brittain accepts responsibility for all technical requirements and computer-related tasks associated with participation in the ECF program.

The Court also advises that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.  Additional assistance is available through the Legal Help Center.  **There is no fee for this service.**  Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance.  The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases.  There is no charge for this service.  To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California or the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California; (2) call 415-782-8982; or (3) email federalprobonoproject@sfbar.org.  The Help Center's website is available at https://cand.uscourts.gov/legal-help.

This Order terminates Docket Number 52.

**IT IS SO ORDERED.**

Dated: March 15, 2019

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California